IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO ROLLERO-SUARES (TDCJ No. 1479344), | § § § § § | |
| Petitioner, | | |
| V. | § § | No. 3:17-cv-2133-G-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division,[1] | § § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

In this closed case, which the Court had referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), Petitioner Pedro Rollero-Suares, a Texas prisoner, filed *pro se* Petitioner's Motion Requesting Permission to Appeal Under Section 2244 Due to a Wrongfully Entered 28 U.S.C. § 2254 Which Was Done Unintentionally [Dkt. No. 11] (the "Motion").

Because the Motion is, in substance, itself an unauthorized successive application for writ of habeas corpus under Section 2254, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. The undersigned further recommends that the Court direct the Clerk to open for statistical purposes a new Section 2254 case and to close the same on the basis of any order

---

[1] Because Rollero-Suares is a Texas prisoner challenging a state criminal judgment, the Clerk is DIRECTED to substitute as the respondent Lorie Davis, the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division. *See* FED. R. CIV. P. 25(d).

accepting or adopting this recommendation.

## Applicable Background, Legal Standards, and Analysis

As the Court set out in addressing Rollero-Suares's initial federal habeas application,

> Petitioner was charged with aggravated sexual assault of a child under fourteen, enhanced by a prior felony conviction. *State of Texas v. Pedro Rollero-Suares*, No. F-0688955-W (363rd Dist. Ct., Dallas County, Tex., June 27, 2007). A jury found Petitioner guilty and sentenced him to life in prison.
>     On July 16, 2008, the Fifth District Court of Appeals affirmed the conviction and sentence. *Rollero–Suares v. State*, No. 05-07-00862-CR (Tex. App. – Dallas, July 16, 2008, pet.ref'd). On November 5, 2008, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1261-08.
>     On May 12, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Rollero-Suares*, Application No. 75,025-02. On August 24, 2011, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

*Rollero-Suares v. Thaler*, No. 3:11-cv-3150-M, 2012 WL 6772008, at *1 (N.D. Tex. Dec. 4, 2012), *rec. accepted*, 2013 WL 67118 (N.D. Tex. Jan. 7, 2013).

In the habeas application that opened this action, Rollero-Suares again attacked his state conviction on the basis of "newly discovered evidence" that he contended will show that he is "actually innocent." *See* Dkt. No. 3 at 6. That petition was transferred to the Fifth Circuit. *See* Dkt. Nos. 6, 7, & 8. And the Court of Appeals denied Rollero-Suares authorization to file the petition. *See* Dkt. No. 10.

In the Motion, Rollero-Suares apologizes for filing the first successive petition, but he again requests that the Court consider a challenge to his state conviction. *See, e.g.,* Dkt. No. 11 at 6-7 ("Petitioner asks this District Court for an opportunity to

demonstrate a cause which this Honorable Court needs to hear. Would this District Court have a hearing on this matter and please come to a decision. Petitioner all he wants and respectfully is asking for is for his day in court with justice.").

As the Court has explained to Rollero-Suares, 28 U.S.C. § 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

As with his initial successive petition, although Rollero-Suares would like the Court to consider new evidence that he contends will show that he is actually innocent, such a request is an attack on his underlying conviction – and, more to the point, alleges a defect in that conviction that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to Rollero-Suares when he filed the initial habeas petition. *Id.* at 222. He is therefore currently attempting to present, through the Motion, claims to the Court that are successive. *See id.* at 221

-3-

("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *see also Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

Rollero-Suares's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the Motion. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court should therefore cure this want of jurisdiction by transferring the Motion to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer the habeas application to the United States Court of

Appeals for the Fifth Circuit for appropriate action. And the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Senior United States District Judge A. Joe Fish and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE